UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARK GILLIS,

                             Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer ANDREW BABAJKO, Shield No. 06029; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

15 CV 2140

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.	Plaintiff demands a trial by jury in this action.

## PARTIES

6.	Plaintiff Mark Gillis ("plaintiff" or "Mr. Gillis") is a resident of Richmond County in the City and State of New York.

7.	Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.	Defendant Police Officer Andrew Babajko, Shield No. 06029 ("Babajko"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Babajko is sued in his individual and official capacities.

9.	At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.	At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 10:00 p.m. on or about July 5, 2013, Mr. Gillis was lawfully sitting on the front steps of an apartment building in the area of 33 York Avenue in Staten Island, New York.

13. Defendants, in plain clothes, jumped out of their vehicle and charged toward Mr. Gillis.

14. Scared, Mr. Gillis attempted to enter the apartment building when defendants grabbed him and began striking him.

15. Mr. Gillis is approximately five feet seven inches tall and weighed roughly 125 pounds at the time.

16. As defendants slammed Mr. Gillis to the ground, a large defendant officer deliberately landed the weight of his body onto Mr. Gillis' left arm, fracturing it.

17. Without probable cause or reasonable suspicion to believe plaintiff had committed any crime or offense, defendants handcuffed plaintiff and, grabbing him by his left broken arm, forcefully put him into their vehicle, causing his head to strike

the doorframe.

18. Mr. Gillis requested medical attention but was denied the same.

19. Once at the Precinct, a defendant officer slammed Mr. Gillis into a wall.

20. Plaintiff again requested medical treatment, but was processed instead.

21. Mr. Gillis was eventually taken to Richmond University Medical Center and diagnosed with a left humerus, mid-shaft, comminuted spiral fracture, with fracture lines extending into the surgical neck.

22. Plaintiff was treated, including being splinted, and then returned to the Precinct.

23. At the Precinct defendants falsely informed employees of the Richmond County District Attorney's Office that plaintiff had been in possession of marijuana and had resisted arrest and prepared false paperwork, including an arrest report.

24. At no point did the officers observe Mr. Gillis commit any crime or offense.

25. Plaintiff was eventually taken to Richmond County Central Booking.

26. Mr. Gillis was arraigned in Richmond County Criminal Court, where he was released on his own recognizance.

27. Following his release Mr. Gillis was required to appear in criminal court on multiple occasions before all charges were dismissed on April 6, 2015.

28. Following his release from custody, Mr. Gillis underwent continued

medical treatment including undergoing surgery.

29. Mr. Gillis' treatment continues to date, including physical therapy.

30. Mr. Gillis suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Malicious Prosecution

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the Richmond County District Attorney's office.

47. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

51. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Municipal and Supervisory Liability; *Monell*

57.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.     Defendant City of New York, through its practice and/or custom directly caused the Constitutional violations set forth herein.

59.     The defendant City of New York has an unconstitutional practice and/or custom, through its police department, to assault, batter, and utilize gratuitous, excessive and unconscionable force, during the course of arresting, subduing or otherwise taking custody of its arrestees.

60.     The City, through its police department, has an unconstitutional practice and/or custom that leads to the arrests of innocent people in violation of their constitutional rights.

61.     The City is also liable for its deliberate indifference to the consequences of its police department's practices and/or customs, and for failing to train, supervise

and/or discipline those employees responsible for perpetuating the abovementioned practices and/or customs.

62. The City is liable for the acts and omissions of its supervisory employees and for their failure to supervise their subordinates.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: April 14, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*